IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Brenda R. Bromell, ) | |
| ) | Civil Action No. 8:05-02952-JFA-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden, Leath Correctional Institution, ) | |
| and United States of America, ) | |
| ) | |
| Respondents. ) | |
| ) | |

      The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

      The petitioner filed her petition on October 28, 2005. According to the United States Attorney's office, the United States was not served with the petition until it requested a copy on November 28, 2005. On November 9, 2005, the petitioner filed a motion for an emergency hearing. On November 28, 2005, the defendant Leach Correctional Institution ("Leach") filed a response to the motion for emergency hearing. On December 2, 2005, the defendant United States filed a motion for summary judgment. By order dated December 2, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if she failed to adequately respond to the motion. The petitioner filed a response on December 19, 2005.

## **STATEMENT OF FACTS**

In her petition, the petitioner alleges that she is entitled to credit on her sentence for an additional nine months spent in state custody. A review of court records shows that this is the fourth time the petitioner has sought relief in federal court on her claim that she has been denied credit for time served in the custody of the state of South Carolina. To fully understand the petitioner's allegations it is necessary to review the substantive and procedural background of this case.

On March 20, 2001, the petitioner was indicted by the federal grand jury on a single count of falsely representing a social security number to Brookland Federal Credit Union in connection with a loan. The petitioner pleaded guilty to this charge and, on September 17, 2001, was sentenced to five years probation.

On March 19, 2003, the petitioner was again indicted by the federal grand jury on two counts of using false social security numbers in connection with additional loans. During the same time period, the petitioner was charged in state court with similar crimes, and on August 11, 2003, she was arrested by state authorities. A federal detainer was lodged on August 15, 2003.

The petitioner subsequently appeared in federal court pursuant to a Writ of Habeas Corpus *ad Prosequendum*, and on June 30, 2003, she pleaded guilty pursuant to a written plea agreement to one count of the federal indictment. Under the plea agreement, the petitioner waived both her appeal and post-conviction relief rights.

On March 26, 2004, Chief Judge Joseph F. Anderson, Jr., sentenced the petitioner to 37 months on the new charge, plus a 6 month consecutive sentence in connection with the revocation of probation from the prior sentence for a total of 43 months. The defendant was thereafter returned to the custody of the state of South Carolina.

On May 20, 2004, the petitioner pleaded guilty in state court and received a 40 month sentence (C.A. No. 2003-GS-40-98). The state judgment contains a handwritten

note by the sentencing judge directing the state sentence be served concurrently "to fed sentence now serving." The state judge obviously believed that because the petitioner had already been sentenced in federal court, she was in federal custody. However, as noted above, a federal detainer was lodged against the petitioner, and she had appeared in federal court on a writ *ad prosequendum*. However, the petitioner was not serving a federal sentence to which the state sentence could run concurrently.

On April 19, 2005, the petitioner wrote a letter to the federal court expressing her concerns (and perhaps confusion) about the computation of her sentences. The United States recommended that this letter be treated as a habeas petition pursuant to 28 U.S.C. § 2255, that the petition be granted and that a new judgment be entered that the federal sentence be served concurrently to the state sentence the petitioner was presently serving. Judge Anderson accepted this recommendation and on May 10, 2005, the district court entered an amended judgment, imposing the same 37 month sentence on the new charges to be served consecutively to the six month sentence on the probation violation. In its order, the court specifically stated that "The defendant's 43 month sentence . . . shall be served concurrently to the state sentence the defendant is now serving in the state case 2003-GS-40-98. In other words, the court designates the state facility as the place of service of the federal sentence, retroactive to the beginning date of the state sentence." Thus, under the express direction of the federal court, the petitioner was entitled to credit for time served in connection with the specific state case referenced in the federal order.

According to records from the South Carolina Department of Corrections, attached to the defendant's motion for summary judgment, the petitioner incurred four additional state convictions, on June 15, 2003, October 21, 2003, January 6, 2004 and November 15, 2004. The custodial sentences on these charges totaled 525 days.[1]  The

---

[1] Only the last conviction, on November 15, 2004, occurred after the state and federal convictions at issue in this matter. The sentence on this conviction was 15 days.

3

defendant began service of her current 40 month state sentence on May 5, 2004. Thus, by the explicit terms of Judge Anderson's order, her current federal sentence commenced on the same date. Moreover, the nine months between August 11, 2003 (the date the petitioner was arrested on the initial state charges) and May 4, 2004 (the day before her 40 month state sentence commenced) were credited to the three intervening state sentences noted above.

## ANALYSIS

In her petition, the petitioner alleges two grounds for relief:

Ground one: My state sentence of 40 months was to run concurrent with my federal sentence of 43 months. I was sent to state first.

Supporting Facts:

On March 26, 2004, I was sentenced to 43 mos. In federal court. On May 20, 2004, I was sentenced in state court where the judge ran my state time concurrent to my federal time. My state time was 40 months run concurrent to federal 43 mos.

Ground Two: Jail time credit. I have been detained since August 2003 waiting to appear in federal court.

Supporting Facts:

I was detained for the U.S. Marshalls August 15, 2003 waiting to appear in court which took place March 26, 2004, I was told by the federal judge that presided my case that I would receive credit for being in jail since August 2003.

It is difficult to ascertain exactly what relief the petitioner is seeking. In her habeas petition, she asks that "the court grant her jail time credit starting from August 15, 2003 til my date of sentence." However, pursuant to the express direction of Judge Anderson in the Amended Judgment, the petitioner was to receive concurrent jail time only

4

as to the state criminal proceeding referred to in the order. From the record it appears that she has received that credit.

In her request for an emergency hearing, filed on December 8, 2005, the petitioner states that her "federal sentence should have started on March 26, 2004 when she was sentenced and rewarded credit for time served before sentencing." She asks that this court order her release once she is released from state custody (Motion, 2-3). However, in a letter submitted by the defendant, John Gaither, the Regional Inmate Systems Manager for the Federal Bureau of Prisons, states:

> Once the Amended Judgment and Commitment Order was received, your federal sentence was calculated as commencing on March 26, 2004, the date you were first sentenced in federal court. You were given prior custody credit for all time you spent in custody which was related to the state conviction and sentence you are now serving. Because you received credit for the days between August 11, 2003, and April 12, 2004 toward the unrelated Myrtle Beach charges, those days are not also credited toward your federal term.

(U.S.A. Supp. Response, Doc. 16-2). Thus, it appears that the petitioner received all the credit she was due under Judge Anderson's Amended Judgment.

Moreover, the federal detainer was filed on August 15, 2003. The petitioner was subsequently produced in federal court for proceedings relating to her charges pursuant to a Writ of Habeas Corpus *ad Prosequendum*. Neither the detainer nor the writ placed her in federal custody for purposes of computing her sentence. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." *Id* at 360. Likewise, "[a] prisoner is not even in custody . . . when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities." *Id.* at 361, n.3. Because the nine months between her arrest and the commencement of time

for her federal sentence were credited toward the other intervening convictions and sentences, she is not entitled to have that time credited toward her federal sentence.

The petitioner here has already sought and obtained an amendment of her judgment based on the clear intent of the state judge that the 40 month state sentence and the 43 month federal sentence be run concurrently. It appears from the documents and pleadings in the record that the petitioner was to be released from her state sentence after only 20 months. However, this fact has no impact on the service of her federal sentence. Under the federal system, the petitioner is required to serve a minimum of 85% of her federal sentence, which in this case means at least 36 and ½ months. Thus, upon release from the state system, the petitioner will have a minimum of 16 ½ months remaining in federal custody. While this court is not unsympathetic to the petitioner's situation as a single mother, such concern does not constitute a legal basis for affording the petitioner the relief she seeks.

As to the respondent Warden of Leath Correctional Institution, this action is moot. The petitioner was released from Leath on February 25, 2006 and is presently being held at the Spartanburg County Detention Center. *See Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-247 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, 1994 WL 470568 (D.N.H. September 2, 1994), *reconsideration denied*, *I.D. by W.D. v. New Hampshire Dept. of Education*, 878 F.Supp 318 (1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). Accordingly, the respondent Warden, Leath Correctional Institution, should be dismissed from this action.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this court recommends that the respondent United States of America's motion for summary judgment be granted. This court also recommends that the respondent Warden, Leath Correctional Institution, be dismissed from this action on the grounds of mootness. Additionally, this court recommends that the petitioner's motion for an emergency hearing be denied.

s/ Bruce H. Hendricks
United States Magistrate Judge

April 4, 2006
Greenville, South Carolina